UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT MATHIS,

           Plaintiff,

    v.

MICHAEL ASTRUE, Commissioner of
Social Security Administration,

           Defendant.

CASE NO.    **C06-5641FDB**

REPORT AND
RECOMMENDATION

Noted for June 15, 2007

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

## INTRODUCTION

Plaintiff, Scott Mathis, was born in 1958, and he is currently 48 years old. He has a high school education, and has past experience working as a car detailer and working for a contractor. He alleges he has not been able to work since January 10, 2003, due to diabetes and diabetic retinopathy (Tr. 71). Plaintiff claims his diabetes is adversely affecting his eye sight, causing diarrhea and neuropathy (Tr. 71).

On January 10, 2003, Plaintiff filed an application for Supplemental Security Income benefits (Tr. 62). This application was denied initially and on reconsideration (Tr. 25, 26). Challenging the denial, Plaintiff requested a hearing with an administrative law judge ("ALJ") The hearing occurred on April 18,

2005 (Tr. 16).  Following the hearing, the ALJ issued a decision finding Plaintiff capable of working and thus, denying Plaintiff's application (Tr. 13- 24).  Plaintiff sought review by the Appeals Council, and on September 1, 2006,  the Appeals Council denied the request, making the ALJ's decision the final administrative decision for review.

Plaintiff filed a Complaint with the court challenging the denial of his application for benefits on November 2, 2006.  Specifically, plaintiff contends: (1) the ALJ improperly rejected the opinion of Dr. Ronald Graf; and (2) the ALJ erred when he assessed Plaintiff's residual functional capacity ("RFC"). Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions were properly supported by substantial evidence.

<u>DISCUSSION</u>

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); <u>Carr v. Sullivan</u>, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984).

*A.  THE ALJ PROPERLY ASSESSED THE MEDICAL EVIDENCE*

The ALJ is entitled to resolve conflicts in the medical evidence.  <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical experts.  <u>Walden v. Schweiker</u>, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  <u>Lester v. Chater</u>, 81 F.3d 821, 831 (9th Cir. 1996).  In <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion

because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion. "In evaluating the evidence, the reviewing court must look at the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. *Gonzalez*, 914 F.2d at 1200. The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Richardson*, 402 U.S. at 400, 91 S.Ct. at 1426-27; *Allen*, 749 F.2d at 579." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

Here, the ALJ reviewed the medical evidence of record as a whole and concluded at step-two in the administrative evaluation process that plaintiff had the following severe impairments: degenerative disc disease, insulin dependent diabetes mellitus with diabetic retinopathy and peripheral neuropathy (Tr. 20). However, the ALJ further concluded that Plaintiff's impairments did not prevent him from performing a significant range of light work (Tr. 22). Specifically, the ALJ concluded Mr. Mathis was capable of performing work as a fast food worker or table worker (Tr. 24). Plaintiff argues the ALJ erred in not adopting Dr. Graf's opinion that Mr. Mathis is disabled by diabetes and its complications, (citing Tr. 260).

Dr. Graf noted on two occasions that Plaintiff might be disabled ( Tr . 259, 260). Significantly, on this most recent occasion, February 6, 2004, Dr. Graf noted Plaintiff was complaining about diarrhea and other complications of diabetes, but suggested that Plaintiff's health would probably improve "significantly" if he did a better job of monitoring his disease. Similarly, on the earlier occasion, October 28, 2003, Dr. Graf noted Plaintiff's "diabetes control is inadequate" and "needs lots of work" (Tr. 261). Dr. Graf's statements do not support the Plaintiff's argument that the medical evidence supports the conclusion that Mr. Mathis is disabled due to diabetes. The ALJ made specific note of Dr. Graf's opinion, stating:

> There are no physicians in the record who have opined that the claimant is disabled. Dr. Graf suggested that the claimant might be disabled, but that the claimant needed to comply with treatment and get his blood sugars under control. The evidence does show that the claimant has not followed prescribed treatment, but even when he is not following prescribed treatment, he still manages to function quite well.

(Tr. 21). After reviewing the record, the undersigned finds the ALJ properly reviewed and evaluated Dr. Graf's medical opinion evidence.

REPORT AND RECOMMENDATION
Page - 3

**B.   THE ALJ PROPERLY EVALUATED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work a claimant did in the past.  20 C.F.R. § 404.1520(e).

After reviewing the medical evidence and concluding that Plaintiff suffered from the severe impairments, discussed above, the ALJ evaluated Plaintiff's RFC.  The ALJ wrote:

> I do not find the claimant completely credible.  While he testified that he had not worked since 1985, the claimant told his doctor in February of 1998 that he worked for a retired contractor and did car detailing (exhibit 3F, p.16).  In October of 1999, the claimant reported that he had started a new job and was very pleased with it (Exhibit 3F, p.2).  The claimant is able to care for himself, shop, and complete his activities of daily living.  He has traveled to California to care for his brother.  He testified that he was able to drive despite vision problems and nerve root impingement in his neck.  The claimant reported consistent pain in his feed and hands, but the medical record does not indicate that he has reported this frequently to his care providers.  His neck pain has been acute for several months, but not a year.  He has had degenerative disc disease since 1993, but was still able to work as a contractor after that.  The claimant's activities are consistent with light work.  The fact that he is able to drive and to read suggest that his vision problems do not cause significant limitations.  He does not report the level of diarrhea or hand or foot problems that he testified to at the hearing.  The undersigned finds that the analysis of the State Agency physicians is accurate, and accepts their assessment of the claimant's residual functional capacity.

Tr. 21.

On June 3, 2003, Dr. Hoskins, a state agency physician, opined that Mr. Mathis was capable of occasionally lifting 20 pounds and frequently lifting 10 pounds.  He also stated Plaintiff could stand an/or walk 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday (Tr. 114).   The ALJ concluded Plaintiff had the RFC to lift twenty pounds occasionally and ten pounds frequently and he could not work in extreme temperatures or work in excessively wet or damp environments (Tr. 21).  Dr. Hoskins indicated Plaintiff should avoid extreme cold, extreme heat and wet environments, and he wrote that Plaintiff "remains capable of performing at lease light work activity" (Tr. 118).

Plaintiff argues the ALJ's RFC assessment was made in error because the ALJ failed to properly evaluate the medical evidence (Dr. Graf's alleged disability finding) and failed to address all the limitations and restrictions imposed by Plaintiff's impairments.  As discussed above, the ALJ's did not err when she evaluated Dr. Graf's opinion evidence.  Consequently, the ALJ's RFC is properly supported by substantial evidence in the record.  The undersigned does not find any error in the ALJ's evaluation of Plaintiff's RFC.

1

## CONCLUSION

2        Based on the foregoing discussion, the Court should affirm the administrative decision.  Pursuant to

3 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten

4 (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file

5 objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140

6 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for

7 consideration on **June 15, 2007**, as noted in the caption.

8        DATED this 24th day of May, 2007.

9

10                        */s/ J. Kelley Arnold*
                        J. Kelley Arnold

11                        U.S. Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28